503 P.2d 823

**HARTFORD ACCIDENT & INDEMNITY CO. and Associated Dairy Products Company of Arizona, Inc., Petitioners,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Donald L. Kennedy, Respondent Employee,**

**State Compensation Fund, Respondent Carrier.**

**No. I CA–IC 660.**

Court of Appeals of Arizona, Division 1, Department A.

Dec. 7, 1972.

Rehearing Denied Jan. 5, 1973.

Review Denied Feb. 6, 1973.

Glen D. Webster, Jr., Phoenix, for petitioners.

William C. Wahl, Jr., Chief Counsel, Phoenix, The Industrial Commission of Arizona, for respondent.

Gorey & Ely, by Joseph M. Bettini, and Stephen L. Weiss, Phoenix, for respondent employee.

Robert K. Park, Chief Counsel State Compensation Fund, Phoenix, for respondent carrier.

STEVENS, Presiding Judge.

The dispute before this Court is which of two carriers was the insurer, thus financially responsible for the industrial claims of the respondent employee.

Effective 1 January 1943, The Industrial Commission of Arizona issued its Workmen's Compensation Policy No. 4355 to Associated Dairy Products Co. This company was apparently a corporation. Effective 1 October 1965, the policy was assigned to Beatrice Foods Co., a corporation and the insured employer was designated as Beatrice Foods Co., dba Associated Dairy Products Co. We are not informed as to whether the corporate structure of Associated Dairy Products Co. was continued. Hereinafter in this opinion the Associated Dairy Products Co. will be abbreviated to ADP. Beatrice Foods, in addition to doing business as ADP, also did business under the name and style of Meadow Gold Dairy, all at the same business location, the business location here in question.

A new company, Associated Dairy Products Company of Arizona, Inc. was incorporated in the State of Delaware on 19 December 1968 and we will hereinafter refer to this company as Associated-Delaware. In January 1969 Coldwrap Foods Corporation, a corporation, became the owner of 100% of the corporate stock of Associated-Delaware.

Beginning with 1969 the State Compensation Fund was the insurer under Policy 4355.

Effective 1 February 1969, all of the business of Beatrice Foods at the location in question, and possibly elsewhere, was transferred to and became the property of Associated-Delaware. To all outward appearances, there was no change in the ownership or the operation of the business at the location in question. Key personnel were retained and from the record we gather that many of the employees were unaware of any change.

There was no notice to the Fund as to the change of ownership and the premiums continued to be paid by Coldwrap Foods or Associated-Delaware, even though the named insured in the policy was not changed.

Effective 1 May 1969, the Hartford Accident and Indemnity Co., one of the peti-

tioners herein, issued its Workmen's Compensation Policy insuring Coldwrap Foods and Associated-Delaware and these employers ceased paying premiums to the Fund.

Donald L. Kennedy, the respondent employee, had worked for the dairy at the same location for a number of years. He sustained two injuries, one on 9 May 1969 and one on 15 September 1969.

Even after 1 May 1969 the Fund made demands for premiums it claimed were due, sending its communications to ADP at the post office box which Beatrice Foods had used and which box was retained by Coldwrap Foods and by Associated-Delaware.

Upon learning the full picture the Fund urged and now urges that as of the dates of the industrial injuries sustained by the respondent employee, the employee did not work for the Fund's insured and that under A.R.S. § 23–963 if the Fund's insured was not the responsible employer then there could be no financial obligation on the part of the Fund arising out of an industrial accident. Hartford urges that Policy No. 4355 was not cancelled with the 30-day notice required by A.R.S. § 23–961, subsec. F[1] and as required by paragraph 15 of the insurance policy. Hartford urges that the case of Home Accident Insurance Company v. Pleasant, 36 Ariz. 211, 284 P. 153 (1930), establishes that prior to the industrial accidents in question the Fund was never properly released as an insurer. In our eyes the internal workings of the Fund in relation to Policy No. 4355 after 1 May 1969 are somewhat confusing. That, however, is a matter to be resolved between the Fund and its insured, Beatrice Foods. We do not have here, as in Home, supra, a single employer who seeks to change its workmen's compensation insurance carrier.

The situation we have is that a completely new employer which was never accepted as an insured by the Fund was the

employer at the time of the industrial accidents and was then covered by Hartford. We are not called upon to decide and we expressly decline to decide what the situation might have been had the employee been injured before the effective date of the Hartford policy.

The Commission held, and we agree, that as of the date of the injuries in question, the new employer was insured by Hartford and not by the Fund. The accidents being the industrial responsibility of the new employer, then under A.R.S. § 23–963, Hartford must bear the financial responsibility therefor.

The award is affirmed.

CASE and DONOFRIO, JJ., concur.

1. § 24, Ch. 6, Laws 1968, 4th SS. The same statutory provision is now found in

A.R.S. § 23–961, subsec. E, § 13, Ch. 173, Laws 1971.